UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANETTE BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED PARCEL SERVICE, INC., et al.,<br><br>    Defendants. | Case No. 23-cv-05766-TLT   (AGT)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 69 |

    Plaintiff Danette Brown (Brown) seeks to call upon an expert, Dr. Jeffrey Kane (Kane), and to obtain discovery from defendants United Parcel Service, Inc., Aimee Vice, and Justin Minor (collectively, Defendants). Dkt. 69 at 5.[1] Defendants, meanwhile, ask the Court to exclude Kane as an expert and bar his participation in the case. *Id.* The Court now grants Defendants' request to exclude Kane and denies Brown's request for discovery.

    Initial designation of experts and opening reports were due March 18, 2025; rebuttal expert reports were due April 18, 2025. *See* dkt. 48 (stipulation proposing dates); dkt. 49 (order granting stipulation and setting dates); dkt. 55 (order denying request to move dates).

    On March 18, 2025, Brown timely designated Kane. Dkt. 69 at 1; dkt. 69-1 at 17–24. Though timely, Brown's disclosure failed to include any of Kane's qualifications or publications, cases in which he has testified, or his compensation. *See* dkt. 69-1 at 21–22; Fed.

---

[1] Page numbers correspond to the Electronic Case Filing numbers at the top of each page.

R. Civ. P. 26(a)(2)(B). It is undisputed that Brown also failed to produce Kane's report by March 18, 2025. *See* dkt. 69 at 1 & 3–4. The parties agree that Kane must provide a written report. *See id.* at 1–2 & 3–4; Fed. R. Civ. P. 26(a)(2)(B). The disclosure was thus deficient under Federal Rule of Civil Procedure 26(a).

In light of the above, Rule 37(c) governs. Rule 37(c) states that if a party fails to identify a witness as required by Rule 26(a), then that party is not allowed to use that witness to supply evidence on a motion, at hearing, or in trial, unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). Proving justification or harmlessness is the burden of the party seeking inclusion. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001) ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness."); *Pineda v. City & Cnty. of San Francisco*, 280 F.R.D. 517, 520 (N.D. Cal. 2012) ("The party facing the sanctions has the burden to prove that the failure to comply was either substantially justified or harmless.") (internal citation omitted).

Brown argues that Defendants failed to produce the data required for a full statistical report. Dkt. 69 at 3–4. Without that data, Brown's designated expert, Kane, was unable to finalize his report. *Id.* The data remains outstanding, allegedly, so Brown asks the Court to order its production and allow her to serve Kane's report within fourteen days of the data's production. *Id.* at 5.

The Court finds that Brown fails to demonstrate substantial justification for her failure to produce Kane's report. Brown, despite claiming that "[t]he record shows repeated efforts to obtain the comparator data months before the deadline," *id.* at 4, did not take sufficient action to obtain the discovery. According to Defendants, Brown never raised the

2

argument that discovery was required before a report could be prepared. *Id.* at 3. Regardless, Brown may have been attempting to informally resolve this discovery dispute in good faith, *see id.* at 3, but, ultimately, if Brown knew that she needed the discovery to timely produce Kane's report, then Brown should have sought Court intervention prior to the expert report deadline on March 18, 2025. This she failed to do. Her failure does not provide substantial justification for relief.

Brown also argues that Defendants will not be prejudiced by an untimely report. *Id.* at 4. Brown will serve Kane's report within fourteen days of receiving the data, and Brown will stipulate to equal time for Defendants to submit a rebuttal report. *Id.*

Defendants note that Judge Thompson already denied the parties' request to extend the expert-related deadlines. *Id.* at 3; dkt. 55. Given that, Defendants argue that they will be left without a rebuttal witness, which is a significant prejudice. Dkt. 69 at 3. Additionally, Defendants argue that they are unable to sufficiently prepare to depose Kane without his report. *Id.*

The expert discovery cut-off date in this case is June 26, 2025. *See* dkt. 48 (joint stipulation proposing date); dkt. 49 (order granting); dkt. 55 (order denying request to change date). Even assuming that Brown could produce Kane's report within fourteen days from today, that would leave Defendants with only three weeks to schedule, prepare for, and depose Kane. Further, the deadlines for initial and rebuttal experts are long past and, as Defendants note, Judge Thompson denied a request to amend those dates. Defendants are thus correct they may be left without a rebuttal expert, a risk they should not have to burden. Brown's unjustified delay has therefore caused prejudice to Defendants.

The Court finds that Brown failed to identify Kane as required by Rule 26(a), and

that the failure was not substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1). As such, without a complete expert's report under Rule 26(a), Kane's expert designation is incomplete under Rule 26(a), and improper.[2]

This order resolves dkt. 69.

**IT IS SO ORDERED.**

Dated: May 21, 2025

Alex G. Tse
United States Magistrate Judge

---

[2] Having so found, the Court now also denies Brown's request for discovery as moot.